NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MATTHEW JOHNSON; et al., | No. 17-56783 |
| Plaintiffs-Appellants, | D.C. No. 2:15-cv-09183-ODW-AS |
| v. | |
| CHRISTOPHER ALLEGRETTI; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted October 2, 2019**

Before: GOODWIN, LEAVY, and SILVERMAN, Circuit Judges.

Matthew Johnson, Nathan Johnson, Gemini Partners, Inc., and Alacrity

Capital Offshore Fund, Ltd. appeal the district court's judgment on the pleadings

for Christopher Allegretti and Hill Barth & King LLC ("HBK") in plaintiffs'

diversity action alleging fraud in a financial services agreement. We have

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Daewoo Elecs. Am. Inc. v. Opta Corp.*, 875 F.3d 1241, 1246 (9th Cir. 2017). We affirm.

The district court properly granted judgment on the pleadings because plaintiffs failed to meet the heightened pleading requirement of Federal Rule of Civil Procedure 9(b). *See* Fed. R. Civ. P. 9(b); *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (per curiam) ("[W]here a complaint includes allegations of fraud, Federal Rule of Civil Procedure 9(b) requires more specificity including an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" (citation omitted)). Because many of plaintiffs' allegations lump Allegretti and HBK with other defendants, it is not clear which defendant allegedly made which misrepresentation. *See id.* at 764-65 ("Rule 9(b) does not allow a complaint to merely lump multiple defendants together but 'require[s] plaintiffs to differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud.'" (citation omitted; alterations in original)). Moreover, a "Term Sheet" referenced in the Second Amended Complaint shows that the statements Allegretti allegedly made on June 7, 2010, could not have induced plaintiffs to enter into the agreement, given that they had already consented to the terms of the agreement before that date.

The district court did not abuse its discretion in dismissing without leave to amend because plaintiffs did not cure the complaint's deficiencies despite the district court's specific instructions about how to do so. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc) (setting forth standard of review and explaining that leave to amend should be given unless the deficiencies in the complaint cannot be cured by amendment); *see also Fid. Fin. Corp. v. Fed. Home Loan Bank of San Francisco*, 792 F.2d 1432, 1438 (9th Cir. 1986) ("The district court's discretion to deny leave to amend is particularly broad where the court has already given the plaintiff an opportunity to amend his complaint.").

**AFFIRMED.**